GEOFFREY FORNEY
Maine Bar No. 006734 *(Pro Hac Vice)*
Fisher & Phillips LLP
One Monument Square, Ste. 801
Portland, Maine 04101
202-615-8315
gforney@fisherphillips.com

*Attorney for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDWARD STONE,<br><br>Plaintiff,<br><br>v.<br><br>UPDIKE DISTRIBUTION LOGISTICS, LLC, an Arizona limited liability company; UPDIKE DISTRIBUTION LOGISTICS WELFARE BENEFITS PLAN, an Arizona employee welfare benefit plan,<br><br>Defendants. | Case No.: 2:26-CV-02075-EJY<br><br>**STIPULATION AND ORDER TO STAY PROCEEDINGS** |

Plaintiff Edward Stone and Defendants Updike Distribution Logistics, LLC and Updike Distribution Logistics, LLC Welfare Benefits Plan, by and through their respective counsels of record, respectfully request that the Court stay this case for ninety (90) days.

The parties have agreed on settlement terms to resolve Plaintiff's claims at issue in the instant litigation against both Defendants. The parties are preparing a written settlement agreement, with the satisfaction of settlement terms to be completed within twenty-one days from the effective date of the agreement. In an effort to conserve resources and in the interests of judicial economy, the parties therefore request that the Court stay this action for ninety (90) days to allow time to finalize an agreement and fulfill the obligations under a written settlement agreement.

The Court has inherent authority to stay proceedings pursuant to its docket management powers.

*See In re PG&E Corp. Sec. Litigation*, 100 F.4th 1076, 1085 (9th Cir. 2024). This includes the power to stay a proceeding. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The non-exclusive factors relevant to entering a stay include: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law. *See Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir. 2005). Those factors militate in favor of a stay in this case.

Here, no injury will occur with a stay of proceedings. The parties request a stay and agree that neither party will suffer prejudice. To the contrary, they have come to terms regarding a resolution of this case and seek time to finalize a written settlement agreement and fulfill the terms of an agreement. On the other hand, without a stay, the parties would incur unnecessary time and expense in meeting the current deadlines, including preparing a scheduling report and commencing discovery in this matter. Moreover, a stay will promote judicial economy because it will allow the parties to complete the settlement process and avoid bringing any further issues to this Court for resolution. A stay therefore promotes the just, speedy, and inexpensive determination of this action consistent with Federal Rule of Civil Procedure 1.

As such, the parties respectfully request that the instant matter be stayed for 90 days, until January 4, 2027. On or before that date, the parties will file either a stipulation to dismiss the action or a status report outlining the posture of the case with the Court. Alternatively, if the parties are not able to complete the settlement process, which the parties believe is unlikely, either party may file a notice with this Court at any time requesting the lifting of the stay and the resumption of these proceedings.

**IT IS SO AGREED AND STIPULATED:**

**FISHER & PHILLIPS LLP**

/s/ Geoffrey Forney
Geoffrey Forney
(Pro Hac Vice)
One Monument Square, Ste. 801
Portland, ME 04401

Attorney for Updike Distribution Logistics, LLC and Updike Distribution Logistics, LLC Welfare Benefits Plan

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

/s/ Christopher M. Humes
Christopher M. Humes
Nevada Bar No. 12782
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-2102

Attorney for Edward Stone

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

DATED: October 5, 2026